# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-364C

| | |
|---|---|
| ROGER LEE DEAL, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| NORTH CAROLINA | ) |
| DEP'T OF CORR., | ) |
| FNU STEVENS, FNU | ) |
| TRIPLETT, INMATE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court upon initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff has also filed four motions for an injunction, (Doc. Nos. 6, 11, 16-17), and a motion to appoint counsel. (Doc. No. 20).

According to Plaintiff's Complaint, he is a state prisoner confined to the Lanesboro Correctional Institution. The brunt of Plaintiff's Complaint alleges that Defendants have been deliberately indifferent to what he contends are his serious medical needs. On June 11, 2012, Plaintiff's case was transferred to this Court from the Eastern District of North Carolina based on Plaintiff's incarceration within the Western District and because the allegations involve two Defendants that reportedly work at Lanesboro. (Doc. Nos. 8, 9).

Plaintiff alleges that he was injured by an inmate at Lanesboro while walking back to his room. Plaintiff apparently suffered an injury to his lip and the fall aggravated a previous back injury which has left him with intense pain and muscle spasms. (Doc. No. 1 at 3). Plaintiff has identified a neurosurgeon that he would like to be referred to, but to date one or more

1

Defendants has failed to make this referral.

Plaintiff claims that prison officials failed to protect him from the alleged assault from his fellow inmate. Plaintiff explains that he has written repeated grievances requesting an MRI and surgery on his back but defendants have taken no action. Plaintiff also complains that some of his personal property has been taken, perhaps in response to his grievances, and Plaintiff fears retaliation from the Defendants based on his complaints. Plaintiff's seeks compensatory damages and medical treatment for his back, among other requests for relief. (Doc. No. 1 at 4-5).

Plaintiff has filed four (4) motions for an injunction which would appear to largely grant him the relief he is seeking through his Complaint. The Court finds that Plaintiff's allegations, taken as true for purposes of this initial review, set out possible claims for relief. Accordingly, the Court will direct the Defendants to file an answer or other response to the allegations raised in Plaintiff's Complaint. Because the Court has ordered the Defendants to file an answer or response to the allegations raised in Plaintiff's Complaint, his motions for an injunction will be denied without prejudice.

Plaintiff has filed a motion for appointment of counsel to assist him with the prosecution of his case. The law is clear that a civil litigant does not have a constitutional right to counsel. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. of Iowa, 490 U.S. 296, 298 (1989) (noting that 28 U.S.C. § 1915 does not authorize the compulsory appointment of counsel); see also Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968) (noting that obtaining the assistance of counsel in a civil case "is a privilege not a right."). Rather, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to request the assistance of an attorney for an indigent person in a civil case. In order to warrant the Court's exercise of this discretion, the litigant must demonstrate the existence of exceptional

circumstances. Whisenant, 739 F.2d at 163. The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Id. (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)). A plaintiff can show exceptional circumstances by demonstrating that he "has a colorable claim but lacks the capacity to present it." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

Plaintiff contends that his case will be complicated and he does not have sufficient resources with which to hire an attorney. The Court finds that Plaintiff's case does not present exceptional circumstances which would support the appointment of counsel at this time. Plaintiff's motion will therefore denied without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motions for an Injunction will be **DENIED** without prejudice, (Doc. Nos. 6, 11, 16, and 17).

2. Plaintiff's Motion for Appointment of Counsel is **DENIED**. (Doc. No. 20).

3. The Clerk of Court shall prepare process for each of the Defendants named in Plaintiff's Complaint and deliver the process to the U.S. Marshal for service;

4. The U.S. Marshal shall serve process upon each of the Defendants; and

5. Each of the Defendants should file a response to Plaintiff's allegations in accordance with the Federal Rules of Civil Procedure.

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge