UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-364-RJC

| | |
|---|---|
| ROGER LEE DEAL, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTH CAROLINA | ) |
| DEPARTMENT OF | )   ORDER |
| CORRECTIONS; | ) |
| FNU STEVENS, Nurse; | ) |
| SERGEANT TRIPLETT; | ) |
| UNIDENTIFIED INMATE; | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on consideration of Defendants' Motion to Dismiss Plaintiff's Complaint that was filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Defendants' Motion to Dismiss will be granted and Plaintiff's Complaint will be dismissed.[1]

**I.    BACKGROUND**

Plaintiff is a prisoner of the State of North Carolina following his conviction for murder in the second degree (principal). According to the website of the North Carolina Department of Public Safety, Plaintiff is currently housed in the Scotland Correctional Institution and his projected release date is August 1, 2018.

According to his pro se complaint, Plaintiff was walking back to his room when he was knocked down by an unidentified inmate and struck in the mouth. Plaintiff contends that in the

---

[1] This civil action was transferred to this district from the Eastern District of North Carolina following a review of Plaintiff's complaint. The District Court concluded that venue was proper in this district because the allegations in Plaintiff's complaint arose while Plaintiff was incarcerated in Lanesboro Correctional which is located within this district. See (Doc. No. 8).

1

attack, he suffered a cut to his lip, and his preexisting back and neck conditions were exacerbated. Following the attack, Plaintiff states that he has placed repeated sick calls for an MRI and made several requests to be treated by his chosen neurosurgeon, Dr. Price. (Doc. No. 1 at 3). Plaintiff further alleges that he and his family have been the targets of repeated threats from unnamed inmates and officers. (Id. at 3-4).

Plaintiff contends that the repeated failure to provide him with his chosen course of treatment for his back and the failure of prison officials to protect adequately from assaults by unnamed inmates has placed him and his family in "substantial risk of serious harm or even death." (Id.). Plaintiff seeks compensatory damages stemming the lack of medical care, and from his apparent segregation following the lone assault identified in his complaint. Such segregation, Plaintiff contends, resulted in loss of association with fellow inmates, inability to watch television, loss of orthopedic shoes, and recreational activity because of the threats from other, unnamed inmates. Plaintiff also seeks a new razor and orthopedic shoes. (Id. at 4-5).

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). In deciding a 12(b)(6) motion to dismiss, the Court must "accept as true all factual allegations" presented in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 589 (2007). However, in order to survive a Rule 12(b)(6) motion, the plaintiff's complaint must contain more than mere legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 U.S. 662, 679 (2009). The pleading party must plead facts sufficient to "nudge [the] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. A claim is facially plausible when the factual content of the

complaint allows the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Accordingly, if the complaint establishes a sufficient legal and factual basis for the claims asserted then the motion to dismiss will be denied.

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint that set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Federal Rules provide that a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555)).

## III. DISCUSSION

Plaintiff alleges that the "defendants" have violated his rights through deliberate indifference to his safety and to his serious medical needs, or outright refusal to provide his suggested level of medical care. A claim alleged under § 1983 based on a deliberate indifference to serious medical needs falls within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575–76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a

serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Here, Plaintiff's complaint against the North Carolina Department of Corrections—now the North Carolina Department of Public Safety (DPS)—must be dismissed. Defendant DPS raises the defense of immunity under the Eleventh Amendment which prohibits suit against a state in federal court unless—subject to certain exceptions not applicable here—the state consents to the continuation of the litigation.[2] (Doc. No. 31: Defendants' Memorandum at 7). It is well-settled that a state may not be sued in these circumstances. See, e.g., Ballenger v. Owens, 352 F.3d 842, 844 (4th Cir. 2003); Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); see also Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("This jurisdictional bar [presented by the Eleventh Amendment] applies regardless of the nature of the relief sought."). For these reasons, the Court finds that this motion to dismiss should be granted.

As it pertains to Defendant Triplet, the complaint must be dismissed because Plaintiff has failed to allege facts which could demonstrate that Triplett knew of a risk of danger to Plaintiff, either through the actual assault by the inmate unnamed in the complaint, or from the number of unnamed inmates that allegedly made such threats of future harm.[3] Plaintiff has alleged but one assault and his contentions that there are vague threats leveled against him and his family by unnamed inmates are conclusory and in no way implicates Sergeant Triplett. The motion to

---

[2] Note that the DPS is firmly considered a state entity and thus may properly invoke immunity under the Eleventh Amendment. See Kitchen v. Upshaw, 286 F.3 179, 184 (4th Cir. 2002).

[3] The Court observes that Plaintiff does name an inmate in his written grievances. However, even if that inmate is the same unnamed inmate in his complaint, this inmate does not qualify as a state actor and therefore is not a proper party in a § 1983 civil rights action.

dismiss will therefore be allowed.

Similarly, Plaintiff has failed to allege a claim for relief against Defendant Stevens. Plaintiff identifies Stevens as a nurse at Lanesboro Correctional during the time he was assaulted and apparently thereafter for some unknown length of time. Assuming without deciding that Stevens should have, or even had the authority to order that Plaintiff should receive an MRI and to be treated by Dr. Price, this may support negligence at best. And allegations that might be sufficient to support negligence or medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). As noted, to be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd in unpublished table decision by Stokes v. Brown, 535 F.2d 1250 (4th Cir. 1976) (internal citation omitted).

In sum, Plaintiff has asserted vague complaints in this § 1983 proceeding which tend to show that he is dissatisfied with his course of medical treatment or that Defendant Stevens may have been negligent or committed malpractice. However, the constitutional right is to medical care. A claim based solely on a difference of opinion as to the quality of such care is not sufficient to raise a constitutional claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical

care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright, supra (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice"). Plaintiff has failed to demonstrate anything other than he was not progressing to his satisfaction or that he disagreed with the course of his medical treatment or the place where he received such treatment. For these reasons, Defendant Stevens' motion to dismiss will be granted.

Finally, the Court finds that Plaintiff has failed to fairly attribute his inability to receive a razor or orthopedic shoes to the actions or omissions of Defendants Stevens or Triplett. Moreover, Plaintiff does not reasonably set forth a claim as to how the denial of these items, on a largely unidentified occasion or occasions, has impaired a right protected by federal law.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' motion to dismiss for failure to state a claim for relief is **GRANTED**, (Doc. No. 30), and Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

2. Plaintiff's motion for appointment of counsel is **DENIED** as moot. (Doc. No. 33).

Signed: September 6, 2013

Robert J. Conrad, Jr.
United States District Judge

6